UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gordon Franklin, | Case No. 22-cv-2226 (MJD/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| FMC Rochester, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, upon Petitioner Gordon Franklin's Petition for Writ of Habeas Corpus ("Petition"), [Docket No. 1], and his Application to proceed in forma pauperis. [Docket No. 4].

Since 1991, Petitioner Gordon Franklin has been civilly committed to the custody of the United States government pursuant to 18 U.S.C. § 4246. See United States v. Franklin, No. 20-3202, 2021 WL 5121253, at *1 (8th Cir. Nov. 4, 2021). Petitioner was placed on conditional release in 2019, but he failed to abide by the conditions of that release and was returned to custody. Id. As a result, Petitioner is currently being detained at the Federal Medical Center in Rochester, Minnesota.

This matter is one of four habeas proceedings initiated by Petitioner over the past few weeks. See Franklin v. FMC Warden, No. 22-cv-2224 (ECT/TNL) (D. Minn. filed Sept. 12, 2022); Franklin v. FMC Rochester, No. 22-cv-2287 (WMW/DJF) (D. Minn. filed Sept. 19, 2022); Franklin v. Warden, No. 22-cv-2311 (ECT/JFD) (D. Minn. filed Sept. 21, 2022). The Petition filed in the present case, like the petitions filed in his others cases, is extraordinarily difficult to parse, but—broadly speaking—Petitioner appears to be alleging that both his initial commitment in 1991

and his most recent revocation of conditional release were unlawful. Petitioner's habeas Petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court concludes that the Petition should be summarily dismissed.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a habeas petition must:

(1) specify all the grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten; and
(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Other than having signed his Petition consistent with Rule 2(c)(5), Petitioner has failed to meet any of these requirements. Neither the specific grounds for relief nor the facts underlying those grounds are set forth with any degree of specificity. Moreover, the entire handwritten Petition verges on illegibility, making any attempts to understand the claims for relief or the grounds on which those claims are based still more difficult.

Although Franklin's Petition does include a section entitled "relief supplemental summary," (Petition [Docket No. 1] at 4), this section, too, is almost incomprehensible. For example, Petitioner begins the section by requesting "[o]ne monarch chair awarded over civil democracy of power and authority of jurisdiction . . . ." (Id.)

At bottom, Petitioner is entitled to habeas relief only insofar as he can challenge the validity of his detention (as opposed to the conditions of his confinement). See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Nothing in the habeas Petition amounts to even a colorable claim that Petitioner's commitment was effected unlawfully in any way, either initially

---

[1] The habeas petition filed in this matter is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to this matter. See Rule 1(b).

or later upon revocation of Petitioner's conditional release. The habeas Petition should therefore be summarily denied.

Finally, Petitioner has applied for in forma pauperis ("IFP") status in this proceeding. (See IFP Application [Docket No. 4]). Because it is recommended that the habeas petition be summarily denied, it is further recommended that Petitioner's IFP application be denied as well. See Kruger, 77 F.3d at 1074 n.3.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Gordon Franklin's Petition for a writ of habeas corpus, [Docket No. 1], be **DISMISSED with prejudice**; and

2. Petitioner's application to proceed in forma pauperis, [Docket No. 4], be **DENIED as moot**.


Dated: October 28, 2022            　s/Leo I. Brisbois＿＿＿＿＿＿＿
                                   Hon. Leo I. Brisbois
                                   United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).